OPINION
Plaintiff-Appellant Anthony R. Toms appeals from a May 1, 2001 order of the Clark County Court of Common Pleas affirming the decision of the Unemployment Compensation Review Commission ("the Commission") denying him unemployment benefits.
Toms filed an application for determination of benefit rights with the Ohio Bureau of Employment Services ("OBES") on January 12, 1999 for the benefit year beginning January 10, 1999. The OBES Administrator issued a determination on January 14, 1999, disallowing Toms' application because he had failed to establish a valid application due to his insufficient average weekly wage during his base period. Toms appealed to the Commission, and a hearing was held on March 16, 1999. The OBES Administrator's decision was affirmed by the Commission on March 18, 1999. Toms requested further review, however the Commission disallowed his application to institute further appeal. Toms appealed to the Clark County Court of Common Pleas. The trial court, however, found support in the record for the Commission's decision and affirmed that decision.
Toms now timely appeals the trial court's decision.
Toms has not set forth any assignments of error in conformity with App.R. 16(A)(3), and we find it difficult to decipher any issues that he might be assigning as error. In his reply brief, he states that he has "never had a fair hearing," referencing a hearing on November 8, 1991. However, he offers no support for this statement, and this time period significantly precedes the time period at issue. We will thus infer from Toms' brief an argument that the Commission's determination is against the manifest weight of the evidence.
We may reverse a decision from the Commission only if the decision is unlawful, unreasonable, or against the manifest weight of the evidence.Tzangas Plakas Mannos v. Administrator, Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, 696-697.
The Commission found that Toms was ineligible for benefits based upon an insufficient average weekly wage. R.C. 4141.01(R)(1) states that within a benefit year,
 [a]ny application for determination of benefit rights made in accordance with section 4141.28 of the Revised Code is valid if the individual filing such application is unemployed, has been employed by an employer or employers subject to this chapter in at least twenty qualifying weeks within the individual's base period, and has earned or been paid remuneration at an average weekly wage of not less than twenty-seven and one-half per cent of the statewide average weekly wage for such weeks. For purposes of determining whether an individual has had sufficient employment since the beginning of the individual's previous benefit year to file a valid application, "employment" means the performance of services for which remuneration is payable.
Furthermore, the statewide weekly wage, as calculated by the Administrator of OBES for 1998, in accordance with R.C. 4141.30(B)(3), was $155.00. See, Doc. No. 5, p. 2; R.C. 4141.01(R); O.A.C. 4141-27-01.
The Commission found that Toms' application established a regular base period of employment history from October 1, 1997, through September 30, 1998, and an alternate base period from January 1, 1998, through December 31, 1998. From October 1, 1997 through December 31, 1997, Toms was found to have earned wages of $2,700.40 from twelve weeks of employment at the Springfield Urban League, and $500.00 from ten weeks of employment at Wright State University ("WSU"). During the time period of January 1, 1998 through March 31, 1998, Toms earned $500.01 from ten weeks of employment at WSU. During the period of time from April 1, 1998 through June 30, 1998, Toms earned $666.68 for ten weeks of employment at WSU. From July 1, 1998 through September 30, 1998, Toms earned $333.34 for ten weeks of employment at WSU, and $500.01 for the remainder of 1998 for ten weeks of employment at WSU.
The Commission hearing officer made the following findings:
 During the regular base period established by his application (October 1, 1997, through September 30, 1998), claimant worked in fifty-two (52) weeks of covered employment and had earnings of $4,700.43. Accordingly, he had an average weekly wage of $90.00 ($4,700.43 ÷ 52 = $90.39, rounded down). An average weekly wage of $155.00 is needed to establish a valid application. Therefore, claimant did not earn a sufficient average weekly wage during the regular base period of employment history established by his application.
 During the alternate base period established by his application (January 1, 1998, through December 31, 1998), claimant worked in forty (40) weeks of covered employment and had earnings of $2,000.04. Accordingly, he had an average weekly wage of $50.00 ($2,000.04 ÷ 40 = $50.00). Therefore, claimant did not earn a sufficient average weekly wage to establish a valid application during the alternate base period of employment history established by his application.
(Doc. No. 5 p. 3) Accordingly, the hearing officer concluded that the Administrator had "properly disallowed Toms' application for determination of benefit rights."
As far as we can discern, Toms does not dispute these numbers. In fact, he offers no evidence to establish that the Commission acted unlawfully or unreasonably, or that the Commission's decision was against the manifest weight of the evidence. Based upon our review of the record, we find that the Commission's decision was lawful and reasonable, and not against the manifest weight of the evidence, as Toms did not earn a sufficient average weekly wage during either the regular or the alternative base periods of employment history.
Toms' assignment of error is overruled.
The judgment of the trial court is affirmed.
BROGAN, J. and FAIN, J., concur.